UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHASZIE VANICE CLYBURN,

                              Plaintiff,

v.                                                                  Case # 16-CV-1029-FPG

                                                                             DECISION AND ORDER

NANCY A. BERRYHILL,[1] ACTING COMMISSIONER
OF SOCIAL SECURITY,

                              Defendant.

       Chaszie Vanice Clyburn ("Clyburn" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her application for disability insurance benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

       Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 20. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

       On August 24, 2012, Clyburn protectively applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 231-32. She alleged disability since November 28, 2011 due to osteoarthritis of the knees and back, right hand and wrist tenosynovitis, a pinched nerve in the right

---

[1]     Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2]     References to "Tr." are to the administrative record in this matter.

hip, obesity, and asthma. Tr. 259. On November 5, 2014, Clyburn and a vocational expert ("VE") appeared and testified at a hearing before Administrative Law Judge Robert T. Harvey ("the ALJ"). Tr. 133-70. On March 18, 2015, the ALJ issued a decision finding that Clyburn was not disabled within the meaning of the Act. Tr. 93-103. On October 27, 2016, the Appeals Council denied Clyburn's request for review. Tr. 1-7. Thereafter, Clyburn commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.  District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.  Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71

2

(1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed Clyburn's claim for benefits under the process described above. At step one, the ALJ found that Clyburn had not engaged in substantial gainful activity since the alleged onset date. Tr. 95. At step two, the ALJ found that Clyburn has the following severe impairments: bilateral knee osteoarthritis and right hand tenosynovitis. Tr. 95-96. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 96.

Next, the ALJ determined that Clyburn retains the RFC to perform light work[3] with additional restrictions. Tr. 96-102. Specifically, the ALJ found that Clyburn cannot work near unprotected heights or heavy, moving, or dangerous machinery; can occasionally bend, climb, stoop, squat, kneel, balance, and crawl; cannot climb ropes, ladders, or scaffolds; can occasionally handle (*i.e.*, perform gross manipulation) with the right hand; can occasionally push and pull with the right upper extremity; and cannot be exposed to weather changes. Tr. 96-97.

At step four, the ALJ relied on the VE's testimony and found that Clyburn can perform her past relevant work as a receptionist and general clerk. Tr. 102-03. Accordingly, the ALJ concluded that Clyburn was not "disabled" under the Act. Tr. 103.

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

**II.     Analysis**

Clyburn argues that remand is required because the ALJ did not consider whether it was medically necessary for her to use a cane.[4]  ECF No. 10-1 at 28-29.  As a result, Clyburn asserts that the RFC assessment is not supported by substantial evidence because it does not provide for cane use.  *Id.*  The Court agrees.

Social Security Ruling ("S.S.R.") 96-9p provides that

> [t]o find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).

S.S.R. 96-9p, 1996 WL 374185, at *7 (S.S.A. July 2, 1996).  The need to use a cane does not automatically limit a claimant to sedentary work or render her disabled.  *Magby v. Colvin*, No. 15-CV-285-FPG, 2016 WL 4585903, at *2 (W.D.N.Y. Sept. 2, 2016).  In fact, courts have affirmed decisions where the ALJ found that the claimant could perform a reduced range of light work with the use of a cane.  *See Rice v. Comm'r of Soc. Sec*, 114 F. Supp. 3d 98, 107 (W.D.N.Y. 2015); *Koszuta v. Colvin*, No. 14-CV-694-JTC, 2016 WL 231383, at *1 (W.D.N.Y. Jan. 19, 2016), *vacated in part on other grounds*, 2016 WL 824445 (W.D.N.Y. Mar. 3, 2016).  In evaluating whether it is medically necessary for the claimant to use a cane, the ALJ "must always consider the particular facts of a case."  S.S.R. 96-9p, 1996 WL 374185, at *7; *Wright v. Colvin*, No. 6:13-cv-06585 (MAT), 2015 WL 4600287, at *5 (W.D.N.Y. July 29, 2015) (the ALJ must "properly consider the medical necessity of Plaintiff using a cane").

---

[4]     Clyburn advances other arguments that she believes warrant reversal of the Commissioner's decision.  ECF No. 10-1 at 18-28.  However, the Court will not address those arguments because it disposes of this matter based on the ALJ's failure to consider whether Clyburn needed to use a cane.

Here, Clyburn testified that her treating physician prescribed her a walker.[5] Tr. 145. The treatment notes of consultative examiner John Schwab, D.O., also indicate that a cane was "prescribed by a doctor" and that Clyburn "[u]ses the cane for pain in the knees most of the time." Tr. 363. Dr. Schwab stated that in his "opinion," the cane is "necessary." *Id.* This opinion satisfies the requirements of S.S.R. 96-9p because it (1) establishes that a cane is necessary to aid in walking or standing and (2) indicates that the cane is needed to minimize pain. *See* S.S.R. 96-9p, 1996 WL 374185, at *7. Dr. Schwab also noted that Clyburn's gait was normal with and without the cane. *Id.* Without the cane, she could not walk on her toes, but she could walk on her heels. *Id.* With the cane, she had difficulty walking on her toes, but she could walk on her heels. *Id.* Dr. Schwab also indicated that Clyburn could not squat fully due to pain in her knees and right hip. *Id.*

The ALJ afforded "some weight" to Dr. Schwab's medical source statement that Clyburn has a "mild restriction" as to walking and climbing stairs, yet he did not mention that Dr. Schwab opined that it was medically necessary for Clyburn to use a cane and he did not analyze how this might erode the occupational base for light work. Tr. 99-100, 365. The ALJ merely noted that Clyburn "had a normal gait with and without a cane." Tr. 99.

Several treatment notes in the record also indicate that Clyburn used a cane and that she had joint and knee pain, difficulty ambulating, and an antalgic gait. *See, e.g.*, Tr. 322, 399, 402, 407, 417, 432, 434. One treatment note specifically reports that Clyburn requested a handicapped parking sticker because she "is unable to walk any significant distance without pain or the assistance of a cane." Tr. 411. Moreover, Clyburn's treating providers noted that she has chronic

---

[5] It is important to note that S.S.R. 96-9p "does not mandate that the hand-held assistive device be *prescribed* to be considered medically necessary." *Hoke v. Colvin*, No. 1:14-CV-0663 (GTS/CFH), 2015 WL 3901807, at *14 (N.D.N.Y. June 25, 2015) (emphasis added). It "require[s] specific medical documentation establishing its need and the circumstances surrounding its need." *Id.* Thus, the Commissioner's argument that the ALJ did not err because Clyburn "points to no evidence in the record of a medical prescription for a cane" is unpersuasive. ECF No. 20-1 at 19.

severe arthritis in her knees and opined that she is "very limited" in her ability to walk and stand, that she requires the option to alternate between sitting and walking every hour, and that she can only stand and walk up to two hours in an eight-hour workday.[6] Tr. 56, 389, 392, 627.

Additionally, although the ALJ found Clyburn capable of performing less than the full range of light work, he did not limit the amount she is required to lift or how often she must perform lifting activities. The regulations provide that light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). A job may also be in this category "when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* Light work also requires the "use of arms and hands to grasp and hold and turn objects." S.S.R. 83-10, 1983 WL 31251, at *6 (S.S.A. Jan. 1, 1983). If Clyburn needs to use a cane, it means that at least one hand is not free to hold other objects and perform the lifting and carrying requirements of light work, which are not minimal. *See Wright*, 2015 WL 4600287, at *5.

The ALJ also ignored the suggestion in S.S.R. 96-9p that an ALJ should consult a VE to determine whether an individual who needs to use a cane can adjust to other work. S.S.R. 96-9p, 1996 WL 374185, at *7. At Clyburn's hearing, the ALJ posed a series of hypothetical questions to the VE without any caveat that the individual would need to use a cane. Tr. 165-69; *cf. Magby*,

---

[6] Although the Court declines to analyze whether the ALJ properly weighed these opinions, the ALJ is reminded on remand that he must give controlling weight to a treating physician's opinion when it is "well-supported . . . not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2). The ALJ must give "good reasons" for rejecting a treating physician's opinion. *Id.* Because the record also contains an opinion from Clyburn's treating physician's assistant, the ALJ is further reminded that opinions from "other sources" are "important" and "should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." S.S.R. 06-03p, 2006 WL 2329939, at *3 (S.S.A. Aug. 9, 2006). An ALJ must weigh other source opinions based on the factors set forth in the regulations, 20 C.F.R. § 404.1527(c)(1)-(6), and he should "explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ]'s reasoning[.]" S.S.R. 06-03p, 2006 WL 2329939, at *6.

7

2016 WL 4585903, at *3 (finding that the ALJ did not err because he incorporated the plaintiff's cane use into the RFC assessment and specifically asked the VE whether the plaintiff could use a cane and adjust to other work).

For the reasons stated, the Court finds that the ALJ did not properly consider whether it was medically necessary for Clyburn to use a cane. Accordingly, the RFC assessment is not supported by substantial evidence and remand is required. Because Clyburn filed her application over five years ago, the Court directs the Commissioner to expedite the remand and review of her case.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 20) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: December 5, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court